FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

3/1/24

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:22-cr-144-WWB-PDB

MEGGIN ANNE EVANS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Meggin Anne Evans, and the attorney for the defendant, Waffa Hanania, Esq., mutually agree as follows:

**A.   Particularized Terms**

1.   Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of not less than 15 years up to 30 years, a fine of up to $250,000, or both, a term of supervised release of at least 5 years up to life, and a special assessment of $100.

Defendant's Initials ME     AF Approval JMH

Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, while on supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life, and an additional term of supervised release can be imposed. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years per count, and an additional term of supervised release can be imposed.

With respect to this offense and pursuant to 18 U.S.C. §§ 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the defendant's offenses, or to the community, as set forth below. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must be not less than $3,000 per victim.

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $50,000 per count on any defendant convicted of an offense in violation of 18 U.S.C. § 2251(a) through (c).

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4)

Defendant's Initials _MG_    2

transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

| | | |
|---|---|---|
| First: | | An actual minor, that is, a real person who was less than 18 years old, was depicted; |
| Second: | | The Defendant employed, used, persuaded, induced, enticed, and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and |
| Third: | | The visual depiction was transported and transmitted using a facility of interstate commerce. |

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. Restitution to Any Minor Victims of Offenses
Committed by Defendant, Whether Charged or Uncharged

Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A(a) & (b), 3664, 2248, and 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such

Defendant's Initials _ME_    3

counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

6. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with

Defendant's Initials MG    4

the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _ma_    5

8. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, an Apple iPhone 12, seized on or about August 11, 2022, which asset was used in the commission of the offense conduct and contained visual depictions of minors engaged in sexually explicit conduct.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is

Defendant's Initials MW            6

omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

Defendant's Initials _MW_    7

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any

Defendant's Initials _ME_    8

underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

**B.** **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

Defendant's Initials _MC_     9

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's

Defendant's Initials MG

10

financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present

Defendant's Initials _MG_   11

arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant

Defendant's Initials _ME_    12

is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if

Defendant's Initials VMG                    13

any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

   11.  Factual Basis

   Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _MG_    14

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29th day of ~~January,~~ February 2024.

_____  
MEGAN ANNE EVANS  
Defendant

ROGER B. HANDBERG  
United States Attorney

_____  
ASHLEY WASHINGTON  
Assistant United States Attorney

_____  
WAFFA HANANIA, ESQ.  
Attorney for Defendant

_____  
FRANK TALBOT  
Assistant United States Attorney  
Chief, Jacksonville Division

Defendant's Initials ME                    15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 3:22-cr-144-TJC-PDB

MEGGIN ANNE EVANS

### PERSONALIZATION OF ELEMENTS

**Count One:**

1. On or about October 28, 2021, in the Middle District of Florida, and elsewhere, did you employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, that is, a photograph depicting the lascivious exhibition of a minor's genitals?

2. Was an actual minor, that is, a real person who was less than 18 years old, depicted in this ~~video~~? [handwritten: photograph dat/ WJW ME]

3. Was the visual depiction actually transported and transmitted using a facility of interstate commerce, that is by computer via cellular telephone and the internet?

Defendant's Initials  ME

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 3:22-cr-144-TJC-PDB

MEGGIN ANNE EVANS

FACTUAL BASIS

The Putnam County Sheriff's Office ("PCSO") initiated an investigation after receiving information of the sending five files of child sexual abuse material ("CSAM") over a social media application by user bsmol1221. The PCSO's investigation revealed that the files were sent from within the Putnam County Jail.

The PCSO connected the social media account to Brandon Smolinski, who was working inside the Putnam County Jail at the time. An investigation followed and the PCSO confirmed Smolinski was working in the jail on the dates and times the files were shared from within the jail. Defendant Evans is and was at the time married to Smolinski.

The PCSO contacted the Clay County Sheriff's Office ("CCSO") to request assistance as Smolinski's and Evans's residence was in Middleburg, in Clay County. CCSO discovered additional information that the marital residence was also used to upload files of CSAM using the same social media application.

Detectives from PCSO and CCSO approached Smolinski in the parking lot at the Putnam County jail and conducted a recorded interview, during which Smolinski admitted to distributing files of CSAM. Smolinski also told law enforcement that he

Defendant's Initials ME

watched CSAM with Evans, and that he sent Evans CSAM from the Putnam County jail.

During a forensic review of Smolinski's Apple iPhone 12, seized on or about August 11, 2022, law enforcement discovered multiple files of CSAM, to include a video sent to Evans on June 27, 2022, depicting a completely naked pre-pubescent female child sitting on the floor with her back against a couch and what appears to be a completely naked adult male is standing directly in front of the child facing the couch. The child's legs are spread, thereby exposing her bare vagina, and she is looking up at the adult male. The adult male proceeds to step over the child's legs and straddle the child's head while standing. The adult male then repeatedly inserts his penis into the child's mouth through the end of the video. The video depicts a child due to the lack of pubic hair, lack of breast development, and overall size of the child's body in relation to the adult male.

In addition, on Smolinski's phone were several chat messages between Smolinski and Evans, during which they talk about exploiting children, and their sexual attraction to children, among other things. On October 28, 2021, Smolinski and Evans discussed performing specific sex acts on children and future plans to groom children for sex. Evans then sent Smolinski, via cellular telephone and the internet, a photograph of a toddler, naked from the waist down, lying on the floor. The child's legs are spread, and the child's bare vagina is exposed in a lascivious exhibition. [handwritten: This photo of the minor child was produced by Evans. JE]

Defendant's Initials  ME                    18